

**CT Corporation**
Service of Process Notification
07/05/2022
CT Log Number 541862851

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: COOPER SEAN // To: Wal-Mart Stores Texas, LLC |
| **DOCUMENT(S) SERVED:** | Original Petition(s) Citation(s), Return(s), Original Petition, Certificate |
| **COURT/AGENCY:** | Harris County - Civil Court, TX<br>Case # 1186963 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 01/13/2021 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/05/2022 at 14:21 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S)/SENDER(S):** | Kenneth R. Baird<br>The Baird Law Firm<br>2323 South Voss Road Suite 325<br>Houston, TX 77057<br>713-783-1113 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2022, Expected Purge Date: 07/12/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHBIIT A



**CT Corporation**
**Service of Process Notification**
07/05/2022
CT Log Number 541862851

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jul 5, 2022
**Server Name:** DON ANDERSON

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 1186963 |
| Jurisdiction | TX |

| Inserts |
|---|
|  |





# OFFICE OF TENESHIA HUDSPETH
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

Docket Number: 1186963
Receipt Number:   Date:   Sheriff/Constable Fee: $

SEAN COOPER
**Plaintiff**
VS.
WAL-MART STORES TEXAS, LLC
**Defendant**

In The County Civil Court at Law No. 1
201 Caroline, Suite 500
Houston, Tx 77002

## THE STATE OF TEXAS
## PLAINTIFF'S ORIGINAL PETITION CITATION

To:   WAL-MART STORES TEXAS, LLC
C/O REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

Attached is a copy of petition.
This instrument was filed on the **22nd day of June, 2022,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 23rd day of June, 2022

(Seal)

Teneshia Hudspeth, County Clerk
County Civil Court at Law No. 1
201 Caroline, Suite 300
Harris County, Texas 77002

_____
Jesse Salas
Deputy County Clerk

Requested By:

KENNETH R. BAIRD
THE BAIRD LAW FIRM
2323 SOUTH VOSS ROAD SUITE 325
HOUSTON TX  77057

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374

Form No. H01029 (Rev. 08/29/2016)        WWW.CCLERK.HCTX.NET        Page 1 of 1

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock ___.M. and executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|---|---|---|---|---|---|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

the diligence used in finding said Defendant, being _____

and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of the said Defendant, being: _____

_____(Sheriff)
(Authorized Person)                                                                                                                    (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

By _____, Deputy
(Notary Public)

**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,
a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____
_____, at _____ o'clock A.M./P.M., and executed by delivering to defendant, _____, in person, at _____
in _____, County _____, State of _____
_____; on _____, at _____ o'clock
A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

Sworn to and subscribed before me, _____

_____(Sheriff)
                                                                                         (Constable)
_____, County,

State of _____

By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)



# OFFICE OF TENESHIA HUDSPETH
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

Docket Number: 1186963
Receipt Number:    Date:    Sheriff/Constable Fee: $

SEAN COOPER
**Plaintiff**
VS.
WAL-MART STORES TEXAS, LLC
**Defendant**

In The County Civil Court at Law No. 1
201 Caroline, Suite 500
Houston, Tx 77002

## THE STATE OF TEXAS
## PLAINTIFF'S ORIGINAL PETITION CITATION

To:   WAL-MART STORES TEXAS, LLC
C/O REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS, TX 75201

Attached is a copy of petition.
This instrument was filed on the **22nd day of June, 2022,** in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 23rd day of June, 2022

(Seal)

Teneshia Hudspeth, County Clerk
County Civil Court at Law No. 1
201 Caroline, Suite 300
Harris County, Texas 77002

Jesse Salas
Deputy County Clerk

Requested By:   KENNETH R. BAIRD
THE BAIRD LAW FIRM
2323 SOUTH VOSS ROAD SUITE 325
HOUSTON TX  77057

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 274-1374

Form No. H01029 (Rev. 08/29/2016)    WWW.CCLERK.HCTX.NET    Page 1 of 1

**OFFICER'S RETURN**

Came to hand on _____, at _____ o'clock __.M. and

executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|---|---|---|---|---|---|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant, being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant, being: _____

_____

_____(Sheriff)

(Authorized Person)                                                                                                          (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

                                                                    By _____, Deputy
(Notary Public)

_____

**RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT**

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,

a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____

_____, at _____ o'clock A.M./P.M., and executed by delivering

to defendant, _____, in person, at _____

in _____, County _____, State of _____

_____; on _____, at _____ o'clock

A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

Sworn to and subscribed before me, _____

                                                                    _____(Sheriff)
                                                                                                          (Constable)
                                                                    _____, County,

                                                    State of _____

                                                                    By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)

1186963

Harris County - County Civil Court at Law No. 1

6/22/2022 11:39 AM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE NO. _____

| | | |
|---|---|---|
| SEAN COOPER | § | IN THE COUNTY CIVIL COURT |
| Plaintiff | § § § § § § | |
| v. | § | AT LAW NO. _____ |
| WAL-MART STORES TEXAS, LLC | § § § § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, SEAN COOPER, Plaintiff in the above-styled and numbered cause (hereinafter "Plaintiff"), appearing by and through the assistance of the undersigned counsel of record, complaining of and about WAL-MART STORES TEXAS, LLC, and for cause of action respectfully shows the Honorable Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.1. Plaintiff respectfully requests that the Court enter a Docket Control Order so that discovery can be conducted under Level III.

## II.
## PARTIES

2.1. Plaintiff Sean Cooper is a resident of Harris County, Texas.

2.2. Defendant Wal-Mart Stores Texas, LLC (hereinafter "Defendant") is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. Although Defendant is a foreign entity, it has applied to conduct business in the State of Texas and appointed a resident agent for service of process with the Texas Secretary of State. Plaintiff respectfully requests that the County Clerk issue a civil

1

citation addressed to CT Corporation System, Defendant's registered agent, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Since Plaintiff desires to effectuate service via a private process server, Plaintiff respectfully requests that the County Clerk mail the completed citation to Plaintiff's counsel, The Baird Law Firm, at 2323 South Voss Road, Suite 325, Houston, Texas 77057.

## III.
## RULE 47 INFORMATION

3.1. Pursuant to Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff seeks aggregate monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiff does not seek non-monetary relief. This matter does qualify for expedited treatment under Rule 169 as well as Section 22.004(h)(1) of the Texas Government Code.

## IV.
## PERSONAL JURISDICTION

4.1. Although Defendant is a foreign entity, it regularly conducts business for profit in the State of Texas through a chain of retail stores located throughout the state. Through its business activities, Defendant has created a systematic and continuous set of ties with the State of Texas with such contacts being reinforced by the fact that Defendant has registered with the Texas Secretary of State as a foreign entity conducting business in Texas. Defendant is therefore amenable to general jurisdiction in the County Courts of Harris County.

4.2. Pleading in the alternative to Paragraph 4.1 and in the unlikely event that any additional facts are necessary to secure personal jurisdiction, Defendant committed one or more torts in Harris County.

## V.
## SUBJECT MATTER JURISDICTION

5.1. The Court has subject matter jurisdiction over Plaintiff's claims since the amount in controversy exceeds the minimal jurisdictional limits of the Court.

## VI.
## VENUE

6.1. Venue is appropriate in Harris County under Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code as the acts or omissions giving rise to Plaintiff's claims occurred in Harris County.

## VII.
## FACTS WHICH ENGENDERED THE PRESENT LITIGATION

7.1. On or about January 13, 2021, Plaintiff fell while shopping at Defendant's retail store in Harris County. Plaintiff crashed to the floor after falling on a clear, oily substance which Defendant had negligently allowed to accumulate on the floor. Plaintiff suffered severe and debilitating injuries to his right foot, right leg, and body generally as a proximate result of the premises liability and/or negligent activity of Defendant.

## VIII.
## PREMISES LIABILITY

8.1. At all relevant times, Plaintiff was a customer at the store in question and was on the premises at the invitation of Defendant. As a business patron, Plaintiff is classified as an invitee for purposes of premises liability jurisprudence and was owed a full duty of reasonable care by Defendant.

8.2. At all relevant times, Defendant had control over the premises in question as it owned, operated, managed, controlled, and and/or maintained the store in question.

8.3. The liquid on the floor created an unreasonably dangerous condition for Plaintiff and other similarly situated shoppers.

8.4. Defendant had actual or constructive knowledge of the liquid on the floor.

8.5. Defendant failed to exercise a reasonable degree of care in order to either reduce or eliminate the unreasonable risk of harm created by the liquid.

8.6. Defendant's failure to use reasonable care in reducing or eliminating the risk of harm caused by the liquid proximately caused Plaintiff to suffer physical injuries and monetary damages.

8.7. Plaintiff has incurred the monetary damages specified in Paragraph X of this Original Petition as the proximate result of Defendant's failure to use reasonable care in reducing or eliminating the risk of harm caused by the liquid.

## IX.
## NEGLIGENT ACTIVITY

9.1. Pleading in the alternative to Paragraph VIII of this Original Petition, Plaintiff was injured as a result of Defendant's negligent activity which was ongoing at the time Plaintiff was injured.

9.2. Defendant and its employees owed a duty to Plaintiff to exercise reasonable care so as to promote a safe shopping environment for Plaintiff.

9.3. Defendant and its employees breached the duty of reasonable care owed to Plaintiff by:

    (a)    Failing to detect the presence of the liquid on the floor of the store and taking appropriate action to warn Plaintiff and/or otherwise reduce or eliminate the risk posed by the unreasonably dangerous condition;

    (b)    Failing to inspect the floor in the store on a regular basis;

    (c)    Failing to clean the floor in the store on a regular basis;

    (d)    Failing to perform standard and routine maintenance which would have uncovered the dangerous foreign substance;

    (e)    Failing to ensure that Plaintiff was provided with a safe shopping environment free of slip and fall hazards and other potential hazards;

(f) Having employees who walked through the area prior to the accident who either deliberately ignored the presence of the liquid and/or did not employ a reasonable degree of care in checking the floor for potential slip and fall hazards.

(g) Generally discharging its responsibilities as the owner, operator, manager, controller, and maintainer of the store in a random, haphazard, and careless manner; and/or

(h) Committing other negligent acts or omissions to be established at the time of trial.

9.4. Plaintiff suffered physical injuries and monetary damages which were proximately caused by the negligent activity of Defendant.

9.5. Plaintiff has incurred the monetary damages specified in Paragraph IX of this Original Petition as the proximate result of Defendant's negligent activity.

## X.
## DAMAGES

10.1. Plaintiff restates and incorporates herein Paragraphs I through IX of this Original Petition.

10.2. Plaintiff has suffered severe physical and mental injuries as a result of Defendant's premises liability and/or negligent activity, including serious and debilitating injuries to his right leg, right hip, right arm, right shoulder, and body generally.

10.3. Plaintiff seeks recovery of the following monetary damages:

(a) Past medical expenses;

(b) Reasonably anticipated future medical expenses;

(c) Past pain and suffering;

(d) Future pain and suffering;

(e) Past physical disfigurement;

(f) Future physical disfigurement

 (g) Past mental anguish;

 (h) Future mental anguish;

 (i) Past lost wages;

 (j) Diminished future earning capacity;

 (k) Loss of enjoyment of life;

 (l) Past physical impairment;

 (m) Future physical impairment; and

 (n) Other monetary damages proximately caused by Defendant's tortious conduct to be determined by the trier of fact.

10.4. Plaintiff additionally seeks pre-judgment and post-judgment interest at the maximum rates allowed by law.

10.5. Plaintiff seeks any additional damages, whether at law or in equity, which are recoverable under Texas tort law and to which he may prove herself to be justly entitled.

## XI.
## SELF-AUTHENTICATON OF DOCUMENTS UNDER RULE 193.7

11.1 Plaintiff hereby notifies all parties of his intent to use all documents exchanged and produced between the parties during the pendency of the litigation, including but not limited to correspondence, discovery responses, and deposition exhibits during any pre-trial proceeding at the trial of this matter and/or any pre-trial evidentiary hearing. Such documents shall be deemed self-authenticated under Rule 193.7 of the Texas Rules of Procedure unless the producing party makes a timely written objection which meets the requirements for such an objection under Rule 193.7.

## XII.
## CONDITIONS PRECEDENT

13.1. All applicable conditions precedent have been satisfied.

## XIII.
## JURY DEMAND

14.1. Plaintiff hereby demands a trial by jury as to all claims asserted against Defendant. All applicable fees are being paid by Plaintiff contemporaneously with the filing of this Original Petition.

## XVI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff SEAN COOPER respectfully prays that Defendant Wal-Mart Stores Texas, LLC be cited to appear and answer herein and that upon final hearing of the cause, judgment be entered in his favor for damages in an amount within the jurisdictional limits of the Court. Plaintiff Sean Cooper prays for such additional relief, at either law or equity, to which he may prove himself to be justly entitled.

Respectfully Submitted,

THE BAIRD LAW FIRM

/s/ Kenneth R. Baird, Esq.
Kenneth R. Baird
Texas Bar No. 24036172
2323 South Voss Road, Suite 325
Houston, Texas 77057
(713) 783-1113
(281) 677-4227 (facsimile)
kbaird@bairdlawfirm.net
COUNSEL FOR PLAINTIFF SEAN COOPER

7

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kenneth Baird on behalf of Kenneth Baird
Bar No. 24036172
bairdlawfirm@hotmail.com
Envelope ID: 65667609
Status as of 6/22/2022 3:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Kenneth Baird | | bairdlawfirm@hotmail.com | 6/22/2022 11:39:06 AM | SENT |
| Kenneth Baird | | Kbaird@bairdlawfirm.net | 6/22/2022 11:39:06 AM | SENT |
| Lauren Phillips | | lphillips@bairdlawfirm.net | 6/22/2022 11:39:06 AM | SENT |
| Jacob Detiveaux | | jdetiveaux@bairdlawfirm.net | 6/22/2022 11:39:06 AM | SENT |